IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOMER L. PREYER,

        Plaintiff,                     No. CIV S-12-1027 JAM CKD P

    vs.

N. SAUKHLA, et al.,

        Defendants.             <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded

1

by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

/////

(2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff complains about lack of medical care. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Id</u>. at 106. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1060 (9th Cir. 1992), <u>overruled in part on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997). Plaintiff questions the medical care he has been provided by defendants, but he fails to point to facts suggesting they were deliberately indifferent to serious medical needs.

If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). To the extent plaintiff complains about the medical care he has received, he must indicate exactly why the care was inadequate, not simply conclude that it was. Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some

affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

/////
/////
/////
/////

4

an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 23, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
prey1027.14