1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HOMER L. PREYER,

11            Plaintiff,              No. 2:12-cv-1027 JAM CKD P

12        vs.

13   N. SAUKHLA, et al.,              ORDER AND

14            Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16         Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  On June 21, 2012, the court screened plaintiff's amended

18   complaint pursuant to 28 U.S.C. § 1915A and found service of process appropriate for

19   defendants Saukhla, Elam and DiTomas[1] (defendants) for claims arising under the Eighth

20   Amendment.  Defendants have now filed a motion to dismiss for failure to exhaust

21   administrative remedies.  The court notes that defendants have filed a request for an extension of

22   time to submit a reply brief with respect to their motion to dismiss.  Good cause appearing, that

23   request will be granted.

24   /////

25   _____

26      [1]  The person plaintiff identifies as "Dithomas" in plaintiff's amended complaint has
     appeared in this action as defendant "DiTomas."

I. Plaintiff's Claims

In his June 7, 2012 amended complaint, plaintiff asserts as follows:

1. During all relevant periods of time, plaintiff was housed at the California Medical Facility (CMF).

2. At some point, plaintiff made a written request to be provided with medication for pain resulting from problems with one of his kidneys, intestines, urethra and rectum. Plaintiff was also bleeding from his rectum. The request was denied on September 10, 2011 by defendant Dr. DiTomas. Plaintiff had been suffering from pain and bleeding from his rectum for 180 days when defendant DiTomas refused plaintiff's request for medication.

3. Dr. Elam denied essentially same request for medication October 18, 2011.

4. Dr. Saukhla, plaintiff's primary care physician at CMF, denied essentially the same request for medication on December 20, 2011.

In his opposition to defendants' motion to dismiss, plaintiff now disavows the dates identified above. He now asserts the dates provided are simply the dates he learned the defendants' names and that their denying plaintiff medication actually occurred sometime before June, 2011.

II. Failure To Exhaust Standard

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law . . . until such administrative remedies as are available are

2

1  exhausted." 42 U.S.C. § 1997e(a).  CDCR regulations provide administrative procedures in the

2  form of one informal and three formal levels of review to address plaintiff's claims.  See Cal.

3  Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a

4  prisoner has received a "Director's Level Decision," or third level review, with respect to his

5  issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.

6         Administrative remedies must be "properly" exhausted which means use of all

7  steps put forward by the agency.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Also, "proper

8  exhaustion demands compliance with an agency's deadlines and other critical procedural rules

9  because no adjudicative system can function effectively without imposing some orderly structure

10  on the course of its proceedings."  Id. at 90-91.

11         The specificity required in grievances is dictated by the terms of the prison's own

12  grievance process.  Jones v. Bock, 549 U.S. 199, 218 (2007).  Prison agencies such as CDCR are

13  entitled to a full and fair opportunity to adjudicate an inmate's grievance.  Id.  Absent prison

14  regulations to the contrary "'a grievance suffices if it alerts the prison to the nature of the wrong

15  for which redress is sought.'"  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) quoting

16  Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002).  Generally speaking, grievances need not

17  include theories of legal relief or legal terminology and need not "contain every fact necessary to

18  prove each element of an eventual legal claim."  Id.

19         Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt, 315

20  F.3d at 1119.

21  III.  Argument

22         Defendants present evidence indicating that plaintiff never initiated the CDCR

23  grievance process with respect to a claim that defendant DiTomas, Elam or Saukhla ever denied

24  written or oral requests by plaintiff for medication for pain resulting from problems with one of

25  /////

26  /////

3

1   his kidneys, intestines, urethra and rectum at any point prior to June, 2011.[2]  Plaintiff fails to

2   point to any evidence suggesting that he did exhaust administrative remedies with respect to his

3   remaining claims, or present argument suggesting as much.  For these reasons, plaintiff's

4   amended complaint should be dismissed for failure to exhaust.[2]

5   IV.  Motion For Leave To Amend

6           In his opposition to defendants' motion to dismiss, plaintiff seeks leave to amend

7   his pleading so that he may present allegations demonstrating that defendants all denied

8   plaintiff's requests for medication before June, 2011.  Even if the events described above

9   occurred before June, 2011 as plaintiff now suggests, allowing plaintiff leave to amend would be

10  futile because plaintiff still has not exhausted administrative remedies with respect to his claims.

11  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant

12  leave to amend if amendment would be futile).  Also, plaintiff fails to explain why he waited

13  until defendants filed their motion to dismiss to explain the defect in his pleading.  See Forman v.

14  Davis, 371 U.S. 178, 182 (1962) (court may deny leave to amend because of undue delay).

15          Finally, the court finds that plaintiff's attempt to amend is in bad faith which is

16  another reason for denying plaintiff's request for leave to amend.  See Boyin v. Calderon, 59

17  F.3d 815, 845 (9th Cir. 1995).  As indicated above, plaintiff asserts the dates provided in his

18  amended complaint were merely the dates upon which he learned the identities of defendants.

19

20          [2]  There is evidence indicating that on June 30, 2011 plaintiff submitted a grievance
    concerning the timing of prescribed stent replacements and stent replacement follow-up
21  appointments.  Decl. of C. McKenzie, Ex. F.  On July 12, 2011, the grievance was rejected
    because plaintiff had not made clear exactly what sort of relief he wanted.  Id., Ex. G at 1.
22  Plaintiff was informed he could resubmit his grievance as long as he made clear the relief sought.
    Id.  On July 13, 2011, plaintiff re-submitted his grievance.  Again, plaintiff complained about
23  delay with stent replacement.  Plaintiff requested that he be provided with timely appointments
    for stent replacement and follow ups.  Id., Ex. C at 3.
24
            [2]  It appears that plaintiff may have exhausted administrative remedies with respect to a
25  claim or claims concerning stent replacement.  The court makes clear that plaintiff has no claim
    related to stent replacement before the court in this action.  If he wishes to pursue a claim
26  concerning stent replacement, he should initiate a different action.

He also suggests he never intended the dates provided be taken literally because he indicated that the actions of defendants occurred "on or about" the dates he identifies.  Bad faith on the part of plaintiff is apparent given the variance of plaintiff's statements in his opposition from the specific allegations made by plaintiff in his amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' request for an extension of time (Dkt. No. 30) is granted; and

2.  Defendants November 30, 2012 reply brief is deemed timely.

IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss (Dkt. No. 24) be granted;

2.  Plaintiff's motion for leave to file a second amended complaint be denied; and

3.  This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
prey1027.57