IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOMER L. PREYER,

    Plaintiff,                    No. 2:12-cv-1027 JAM CKD P

    vs.

N. SAUKHLA, et al.,              <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On June 21, 2012, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and found service of process appropriate for defendants Saukhla, Elam and DiTomas[1] (defendants) for claims arising under the Eighth Amendment. Defendants have now filed a motion to dismiss for failure to exhaust administrative remedies. The court notes that defendants have filed a request for an extension of time to submit a reply brief with respect to their motion to dismiss. Good cause appearing, that request will be granted.

/////

---

[1] The person plaintiff identifies as "Dithomas" in plaintiff's amended complaint has appeared in this action as defendant "DiTomas."

1

I. Plaintiff's Claims

In his June 7, 2012 amended complaint, plaintiff asserts as follows:

1. During all relevant periods of time, plaintiff was housed at the California Medical Facility (CMF).

2. At some point, plaintiff made a written request to be provided with medication for pain resulting from problems with one of his kidneys, intestines, urethra and rectum. Plaintiff was also bleeding from his rectum. The request was denied on September 10, 2011 by defendant Dr. DiTomas. Plaintiff had been suffering from pain and bleeding from his rectum for 180 days when defendant DiTomas refused plaintiff's request for medication.

3. Dr. Elam denied essentially same request for medication October 18, 2011.

4. Dr. Saukhla, plaintiff's primary care physician at CMF, denied essentially the same request for medication on December 20, 2011.

In his opposition to defendants' motion to dismiss, plaintiff now disavows the dates identified above. He now asserts the dates provided are simply the dates he learned the defendants' names and that their denying plaintiff medication actually occurred sometime before June, 2011.

II. Failure To Exhaust Standard

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law . . . until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). CDCR regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Administrative remedies must be "properly" exhausted which means use of all steps put forward by the agency. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Also, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

The specificity required in grievances is dictated by the terms of the prison's own grievance process. Jones v. Bock, 549 U.S. 199, 218 (2007). Prison agencies such as CDCR are entitled to a full and fair opportunity to adjudicate an inmate's grievance. Id. Absent prison regulations to the contrary "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Generally speaking, grievances need not include theories of legal relief or legal terminology and need not "contain every fact necessary to prove each element of an eventual legal claim." Id.

Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

III. Argument

Defendants present evidence indicating that plaintiff never initiated the CDCR grievance process with respect to a claim that defendant DiTomas, Elam or Saukhla ever denied written or oral requests by plaintiff for medication for pain resulting from problems with one of

/////

/////

3

his kidneys, intestines, urethra and rectum at any point prior to June, 2011.[2] Plaintiff fails to point to any evidence suggesting that he did exhaust administrative remedies with respect to his remaining claims, or present argument suggesting as much. For these reasons, plaintiff's amended complaint should be dismissed for failure to exhaust.[2]

IV. Motion For Leave To Amend

In his opposition to defendants' motion to dismiss, plaintiff seeks leave to amend his pleading so that he may present allegations demonstrating that defendants all denied plaintiff's requests for medication before June, 2011. Even if the events described above occurred before June, 2011 as plaintiff now suggests, allowing plaintiff leave to amend would be futile because plaintiff still has not exhausted administrative remedies with respect to his claims. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave to amend if amendment would be futile). Also, plaintiff fails to explain why he waited until defendants filed their motion to dismiss to explain the defect in his pleading. See Forman v. Davis, 371 U.S. 178, 182 (1962) (court may deny leave to amend because of undue delay).

Finally, the court finds that plaintiff's attempt to amend is in bad faith which is another reason for denying plaintiff's request for leave to amend. See Boyin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). As indicated above, plaintiff asserts the dates provided in his amended complaint were merely the dates upon which he learned the identities of defendants.

---

[2] There is evidence indicating that on June 30, 2011 plaintiff submitted a grievance concerning the timing of prescribed stent replacements and stent replacement follow-up appointments. Decl. of C. McKenzie, Ex. F. On July 12, 2011, the grievance was rejected because plaintiff had not made clear exactly what sort of relief he wanted. Id., Ex. G at 1. Plaintiff was informed he could resubmit his grievance as long as he made clear the relief sought. Id. On July 13, 2011, plaintiff re-submitted his grievance. Again, plaintiff complained about delay with stent replacement. Plaintiff requested that he be provided with timely appointments for stent replacement and follow ups. Id., Ex. C at 3.

[2] It appears that plaintiff may have exhausted administrative remedies with respect to a claim or claims concerning stent replacement. The court makes clear that plaintiff has no claim related to stent replacement before the court in this action. If he wishes to pursue a claim concerning stent replacement, he should initiate a different action.

He also suggests he never intended the dates provided be taken literally because he indicated that the actions of defendants occurred "on or about" the dates he identifies. Bad faith on the part of plaintiff is apparent given the variance of plaintiff's statements in his opposition from the specific allegations made by plaintiff in his amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for an extension of time (Dkt. No. 30) is granted; and

2. Defendants November 30, 2012 reply brief is deemed timely.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Dkt. No. 24) be granted;

2. Plaintiff's motion for leave to file a second amended complaint be denied; and

3. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
prey1027.57